## Pigman v. Combs.

(Decided June 22, 1934.)

CLARK PRATT for appellant.
COMBS & COMBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Roscoe Pigman has appealed from a judgment holding void a deed made him by his father, E. H. Pigman, on August 16, 1932. On February 6, 1928, A. J. Tay-

lor, R. H. Amburgey, H. H. Smith, and E. H. Pigman executed to Winnie Perkins a note for $864 due one year thereafter.

On April 24, 1929, Winnie Perkins assigned and transferred this note to the appellee, B. F. Combs. On February 26, 1930, Taylor paid on this note $69.12 and on August 11, 1932, Taylor mortgaged to H. H. Smith, R. H. Amburgey, and E. H. Pigman, his sureties on this note, for their protection a tract of land on Troublesome creek and 355 branded chestnut trees; the land being subject to a lien for $2,000 to the Bank of Hindman.

On December 16, 1932, B. F. Combs sued all four of these note makers, the assignor, Winnie Perkins, the Bank of Hindman, and Roscoe Pigman, seeking recovery on his note, etc., in which suit he alleged that E. H. Pigman had on August 16, 1932, and without consideration, fraudulently conveyed 175 acres of land to his unmarried son, Roscoe Pigman.

Roscoe Pigman by answer denied that this 175 acres was conveyed to him without consideration, and alleged he had purchased this land in good faith and for a valuable consideration, but he failed to state what that was or that he had paid it. His answer was controverted by reply.

The court gave Combs judgment on his note against the makers and the assignor thereof and held void the conveyance of the 175 acres to Roscoe Pigman and directed it sold to satisfy the judgment. Combs gave his deposition in which he testified to facts sufficient to sustain the allegations of his petition and support the judgment. This deposition was filed April 24, 1933, and Roscoe Pigman thereafter failed to take any proof or to do anything, and hence was in no position to object to the submission of this case on July 12, 1933, or to the entry of the judgment that followed that submission. He is the sole appellant; Combs the sole appellee. He contends this 175 acres should not be sold until Combs has exhausted his remedies against A. J. Taylor and under the mortgage given by Taylor, but Combs is entitled to all the relief which was due him under the law and under the papers on which he sued. After appellant has paid the judgment obtained by Combs, he will then be entitled by subrogation to the rights of Combs against Taylor on the mortgage given

·by Taylor and to contribution from the cosureties of his father.

Judgment affirmed.